J-S11013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENYATTA JAMES WHITE | : | |
| | : | |
| Appellant | : | No. 2401 EDA 2018 |

Appeal from the PCRA Order Entered July 9, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003507-2008

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 07, 2019**

Appellant, Kenyatta James White, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

On May 26, 2009, Appellant entered a negotiated guilty plea to one count each of robbery, criminal conspiracy, and person not to possess firearm.[1] Pursuant to the plea agreement, the plea court sentenced Appellant to imprisonment for an aggregate term of eighteen to forty-eight years. N.T. (Sentencing), 5/26/09, at 14–15. The facts of the crimes, which were committed while Appellant was on parole, were summarized at the guilty plea colloquy as follows:

---

[1] 18 Pa.C.S. §§ 3701, 903, and 6105, respectively.

On July 26, 2008, at the M&T Bank, located in Honey Brook, Chester County, [Appellant] entered that bank. He was wearing a baseball cap low over his face. He walked up to wait in line at the teller's station, initially wrote a note. Video surveillance showed him initially going to like a customer service table, writing something at the customer service table, then getting in line at one of the teller stations. When it was his turn in line, he approached the teller station. At that point, [he] slipped the victim in this case . . . a note.

\* \* \*

He slipped her a note. That note just simply had the words on it, "Give me the money, no dye pack." [The teller] did hand him the money which was in the teller drawer at that point in time. I think that was approximately $30,000 that she handed to him. He then is observed leaving the bank. Some of that money was dropped in the parking lot on the way out of the bank, at which point he apparently got into a car with an unidentified coconspirator and left the scene of the bank. Subsequent investigation—as I've indicated to the [c]ourt in the past, both [the teller] as well as one of the other customers in line behind [Appellant] were able to pick him out of a photo lineup. In addition, [Appellant's] fingerprints were found on the note which he left with the teller.

N.T., 5/26/09, at 5–6. The Commonwealth further indicated that Appellant possessed a firearm, later recovered at his residence, which he did not brandish during the robbery. *Id*. at 6–7.

Appellant did not file a post-sentence motion or a direct appeal. On January 23, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently sought to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), asserting that the PCRA petition was untimely and no exceptions applied. On May 14, 2018, the PCRA

court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition. On June 11, 2018, Appellant, *pro se*, responded to the notice of intent. On July 9, 2018, the PCRA court dismissed the PCRA petition as untimely and entered an order permitting PCRA counsel to withdraw. Appellant filed a timely notice of appeal.[2] Concurrently with his notice of appeal, Appellant filed a Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues in his *pro se* brief filed in this Court:

1. Under the Supremacy Clause of the U.S. Constitution, has Congress preempted the field of habeas corpus through Title I of AEDPA there[b]y forbidding the lower court to give effect to conflicting state "prison mailbox rule," conflicting state retroactivity analysis and principles at 42 Pa.C.S. § 9545(b)(1)(iii), and where Appellant's Fourteenth Amendment Due Process and Equal Protection Clause rights violated by the lower court applying conflicting state law govern state habeas corpus/PCRA proceedings?

2. Was PCRA counsel ineffective under the Sixth Amendment for filing a deficient <u>Finley</u> no-merit letter which failed to address all of Appellant's <u>pro se</u> PCRA petition, and did the lower court commit legal error or abuse discretion in its wholesale adoption of the deficient <u>Finley</u>-letter?

3. Where a challenge to trial counsel's ineffectiveness presents a mixed question of law and fact, does the Supremacy Clause's rule of decision and Fourteenth Amendment's Due Process and Equal Protection Clauses require that constitutional errors shown by record-based facts not objected to, preserved and/or raised on direct appeal constitute newly-discovered facts to satisfy the

---

[2] While the notice of appeal was received by the Chester County Clerk of Courts on August 10, 2018, the PCRA court noted that the appeal was postmarked on August 8, 2018, "which [it] construed as the date of timely filing pursuant to the 'prison mailbox rule.' *See, e.g.*, *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. 1998)." PCRA Court Opinion, 8/21/18, at unnumbered 1.

timeliness exception at 42 Pa.C.S. § 9545(b)(1)(ii), and where the record shows a newly-discovered fact of trial counsel's alleged ineffectiveness in the handling of an unconstitutional amendment to the bill of information which added an additional and different offense did the lower court commit legal error or abuse discretion in finding that because [Appellant] was present when the information was amended, he "knew" of this fact, regardless of not being informed by counsel that the amendment was unconstitutional?

4. Does the rule of decision prescribed the supreme Laws of the Land under <u>Teague v. Lane</u>, <u>Montgomery v. Alabama</u>, and <u>Welch v. U.S.</u> dictate that Appellant's Tenth and Fourteenth Amendment rights can only be secured by automatic retroactive application of the new, substantive and watershed procedural funtioning [sic] rule of criminal procedure of <u>Class v. U.S.</u>, 138 S.Ct. 798 (2018), which established for the first time that Appellant may raise on direct review a challenge to the constitutionality of a statute of conviction following a guitly [sic] plea?

Appellant's Brief at 2–3.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Initially, we must determine whether the PCRA court had jurisdiction to review the merits of Appellant's issues. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in an untimely PCRA petition. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)).

Appellant was sentenced on May 26, 2009. Because he did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on June 25, 2009, thirty days after the time for filing a direct appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Appellant had to file a PCRA petition by June 25, 2010, in order for it to be timely. Appellant filed the instant PCRA petition over seven years later, on January 23, 2018. Hence, the petition is facially untimely.

An untimely petition nevertheless may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed within

---

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

one year of the date the claim could first have been presented.[4] 42 Pa.C.S. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Whitehawk*, 146 A.3d 266, 269–270 (Pa. Super. 2016).

Appellant has failed to invoke properly any exception to the PCRA's time bar with clarity or specificity. In his first issue, Appellant suggests the PCRA court erred in invoking the "State law 'prison mailbox rule'" because it allegedly conflicts with "federal 'prison mailbox rule.'" Appellant's Brief at 6. This claim does not raise an exception to the PCRA time bar. Indeed, Appellant fails to clarify any effect of such a claim. While the PCRA court ruled that Appellant's response to the court's Pa.R.Crim.P. 907 notice was two days late,

_____

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[4] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented. However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter."). Although applicable to Appellant's instant petition, the change in the law from sixty days to one year does not impact our analysis.

applying the Pennsylvania prisoner mailbox rule, the PCRA court did not exclude Appellant's response on that basis. Order, 7/9/18, at n.1. Instead, the PCRA court, relying on the Pennsylvania Rules of Criminal Procedure, determined that Appellant's argument that the PCRA court did not have "power" to *sua sponte* dismiss Appellant's PCRA petition lacked merit. According to Pa.R.Crim.P. 907(1):

> (1) the judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. **The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue**.

Pa.R.Crim.P. 907(1) (emphasis added). Appellant's first issue fails to assert an exception to the PCRA's one-year time limitation.

In his second issue, Appellant suggests his PCRA counsel failed to file a proper ***Turner***/***Finley*** no-merit letter. Appellant's Brief at 10. Appellant suggests that the ***Turner***/***Finley*** letter was deficient and PCRA counsel ineffective because the ***Turner***/***Finley*** letter addressed only the timeliness of the PCRA petition and failed to raise issues Appellant desired to raise. ***Id***. Following our review of the record, we observe that in Appellant's "Response to [***Finley***] Letter and Withdrawal Motion" filed on March 16, 2018, in the

PCRA court, Appellant failed to identify specific issues counsel allegedly forewent. Moreover, we note that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on merits. **Commonwealth v. Perrin**, 947 A.2d 1284, 1287 (Pa. Super. 2008).

Appellant next posits that the amendment of the criminal Information prior to entry of his guilty plea is a "'newly-discovered fact' based on Appellant being informed that the bill of information was fatally defective and unconstitutionally amended." Appellant's Brief at 10. We reject this claim. Appellant knew at the time of his guilty plea in 2009 that the Information was amended. N.T., 5/26/09, at 2. Therefore, a petition invoking the exception was not filed within one year of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). Moreover, the Information was amended by agreement. N.T., 5/26/09, at 2. The amendment was part of the plea agreement, which Appellant accepted. **Id.** Appellant's attempt to incorporate this issue with the rejected claim of ineffectiveness asserted in issue two, Appellant's Brief at 16, has no support in the record. This claim does not raise an exception to the time-bar.

We rely on the PCRA court's explanation in addressing Appellant's final issue that "pursuant to the rule of decision prescribed by the Supremacy Clause, that **Hurst** [**v. Florida**, 136 S.Ct. 616 (2016)], and **Class** [**v. U.S.**, 138 S.Ct. 798 (2018),] are automatically retroactive to cases on collateral review." Appellant's Brief at 19. The PCRA court opined:

> [Appellant] alleges that the Supremacy Clause invalidates the requirement set forth in 42 Pa.C.S. § 9545(b)(1)(iii), namely that a new constitutional right must be held to be retroactive by the Pennsylvania or U.S. Supreme Court in order for a PCRA claim to be raised on that ground. According to [Appellant], a new constitutional right need not be held to be retroactive by any court in order for it to be considered in a PCRA [petition]. Therefore, [Appellant] believes the court must reevaluate his petition in light of the recent U.S. Supreme Court decision of *Class v. U.S.*, 138 S.Ct. 798 (2018). While novel, this argument has no basis in the law. The court will not find 42 Pa.C.S. § 9545(b)(1)(iii) to be unconstitutional, as it has been analyzed numerous times by the appellate courts of this Commonwealth. A new constitutional right must be specifically held to be retroactive by an appellate court in order for it to be raised in a petition for post-conviction relief. *See Commonwealth v. Reed*, 107 A.3d 137 (Pa. Super. 2014). [Appellant] is not entitled to relief upon this claim.

Order, 7/9/18, at n.1.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the issues presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/19